IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DUPREE JONES, | No. 2:14-cv-2928-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| F. FOULK, | |
| Respondent. | |
| _____/ | |

  Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. This is petitioner's second petition for a writ of habeas corpus filed in this court, challenging the same conviction. Petitioner acknowledges this, and has informed the court that his current petition filed in this court was in fact his request to the Ninth Circuit to file a second or successive petition. He has requested this court forward the current petition and application to the Ninth Circuit Court of

Appeals.

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

The court agrees that petitioner's application to file a second or successive petition should have been filed in the Ninth Circuit Court of Appeals, not in this court. Accordingly, this action shall be transferred, pursuant to 28 U.S.C. § 1631, to the Ninth Circuit Court of Appeals. See United States v. Barrett, 178 F.3d 34, 41 n.1 (1st Cir. 1999); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997); Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996). All pending motions are denied without prejudice.

IT IS SO ORDERED.

DATED: May 6, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE